**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM KIRKLAND and STANLEY KIRKLAND,

    Plaintiffs,

v.                                           Case No: 8:14-cv-1715-T-24TGW

MOSAIC FERTILIZER, LLC, ARNOLD LANIER, ANDREW MCGUCKIN, JAMIE WRIGHT, and MICHAEL LAKE.

    Defendants.

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for Rehearing and Clarification on the Court's Order Granting Summary Judgment to Abbott, Dkt 80 (Dkt. 81), and Defendant Thomas Ryan Abbott's Response (Dkt. 82). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be denied.

**I.  BACKGROUND**

In this 42 U.S.C. § 1983 case, Plaintiffs William Kirkland and Stanley Kirkland seek relief for their allegedly unlawful arrests on July 16, 2010, and Defendants' use of excessive force during the arrests. Plaintiffs alleged that Defendant Thomas Ryan Abbott participated in the unlawful arrests of William Kirkland ("W. Kirkland") and Stanley Kirkland ("S. Kirkland") and used excessive force against S. Kirkland during the course of his arrest.[1]

On February 6, 2015, Abbott filed a motion to dismiss Counts I and III the Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted. (Dkt. 65). Abbott's

---

[1] A detailed discussion of the factual allegations contained in the First Amended Complaint is included in this Court's April 29, 2015 Order (Dkt. 71) (the "April 29, 2015 Order").

motion requested the Court treat it as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. On April 29, 2015, the Court entered an order granting Abbott's motion to dismiss as to W. Kirkland's unlawful arrest claim and converting the remainder of Abbott's motion to a motion for summary judgment. Plaintiffs filed a response to the converted motion for summary judgment on June 1, 2015. On July 1, 2015, this Court entered an order granting Abbott's motion for summary judgment, finding that Abbott was entitled to qualified immunity on S. Kirkland's unlawful arrest and excessive force claims (the "July 1 Order").

In the instant motion for rehearing and clarification, Plaintiffs request reconsideration of the July 1 Order based upon Fed. R. Civ. P. 54(b).

## II.   DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment..." Thus, the Court has the authority to reconsider the July 1 Order. *See Harper v. Lawrence County,* 592 F.3d 1227, 1231 (11th Cir. 2010) (holding that "[a] district court may reconsider and amend interlocutory orders at any time before final judgment").

Rule 54(b) does not specify the standard to be used by courts in exercising authority to reconsider. *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, No. 6:09-CV-1968-ORL-19, 2011 WL 3841580, at *3 (M.D. Fla. Aug. 30, 2011) *aff'd*, 698 F.3d 1374 (Fed. Cir. 2012). However, courts in this circuit have held that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *See e.g. Grupo Televisa, S.A. v. Telemundo*

*Commc'ns Grp., Inc.*, No. 04-20073-CIV-UNGARO, 2007 WL 4699017, at *1 (S.D. Fla. Oct. 12, 2007); *Sussman v. Salem, Saxon & Nielsen, PA.,* 153 F.R.D. 689, 694 (M.D. Fla.1994); *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla.1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the court has once determined. *Riggins v. Polk Cnty.*, No. 8:12-CV-1755-T-17TBM, 2014 WL 3900264, at *2 (M.D. Fla. Aug. 8, 2014); *see also Z.K. Marine, Inc., v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla.1992) (explaining that a motion for reconsideration should not "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."). Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill.1988)) (quotations omitted). The moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman,* 153 F.R.D. at 694.

Plaintiffs' instant motion merely reargues the same issues previously raised in response to Abbott's motion for summary judgment and points to the same facts in support thereof. Plaintiffs do not present previously unavailable evidence, nor do they assert that there has been an intervening change in the controlling law with respect to their claims. As such, Plaintiffs' attempt to refute the basis for the Court's earlier decision is a misuse of a motion to reconsider. *See Lamar*, 189 F.R.D. at 490. Furthermore, Plaintiffs fail to present legal authority showing that reconsideration is necessary to correct a clear error or manifest injustice. Thus, the Court concludes that Plaintiffs have failed to meet the standard for reconsideration.

### III.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Rehearing and Clarification on the Court's Order Granting Summary Judgment to Abbott, Dkt 80 (Dkt. 81) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties