**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM KIRKLAND and STANLEY
KIRKLAND,

    Plaintiffs,

v.                                                                               Case No: 8:14-cv-1715-T-24TGW

MOSAIC FERTILIZER, LLC, ARNOLD
LANIER, ANDREW MCGUCKIN, JAMIE
WRIGHT, MICHAEL LAKE and
THOMAS ABBOTT,

    Defendants.

_____

**ORDER**

This cause comes before the Court on Plaintiff Stanley Kirkland's Rule 60(b) Motion to Set Aside Order Dismissing Counts II and III (Dkt. 107) and Defendant Mosaic Fertilizer, LLC's Response in Opposition (Dkt. 108). The Court, having reviewed the motion, response, and being otherwise advised, has determined that the motion should be denied.

On April 29, 2015 the Court entered an Order, Dkt. 71 (the "Order"), dismissing Plaintiff Stanley Kirkland's ("S. Kirkland") unlawful arrest claim against Defendant Mosaic Fertilizer, LLC ("Mosaic"). In the Order, the Court found that Plaintiffs failed to state a cause of action against Mosaic for the unlawful arrest of S. Kirkland on the basis of Defendant Wright's actions, and granted dismissal as to S. Kirkland's unlawful arrest claim. Because Plaintiffs did not allege that Wright was an employee or agent of Mosaic, the Court held that Mosaic could not be vicariously liable for Wright's actions on the basis of *respondeat superior.*

S. Kirkland now moves to set aside the Order because of "newly discovered evidence" that Defendant McGuckin ordered Defendant Wright to arrest Plaintiff.[1] In response, Mosaic argues that the allegation that McGuckin ordered S. Kirkland's arrest does not constitute "newly discovered evidence" under Rule 60.

Rule 60(b)(2) provides that the court may relieve a party from a final judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial [or final judgment or order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Waddell v. Hendry County Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003) (citation omitted).

S. Kirkland has not shown that he is entitled to relief under 60(b)(2) because he has not shown that evidence was in fact newly discovered since the Order, or that he exercised due diligence in discovering that McGuckin ordered Wright to arrest S. Kirkland. Both Plaintiffs testified in their depositions that McGuckin directed Wright to arrest S. Kirkland. Additionally, Plaintiffs' first amended complaint, as well as the initial complaint, allege that S. Kirkland's arrest was directed by McGuckin while acting as agent for Mosaic. Therefore, Plaintiffs own pleadings and deposition testimony show that McGuckin's directing Wright to arrest S. Kirkland does not constitute newly discovered evidence as required by Rule 60(b)(2). As such, Plaintiffs have failed

---

[1] The Order denied Mosaic's motion to dismiss as to Plaintiff William Kirkland's unlawful arrest claim the bases of vicarious liability and joint action between Mosaic and Defendant McGuckin.

to satisfy the requirements of Rule 60(b)(2) and the motion to set aside the Order must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Stanley Kirkland's Rule 60(b) Motion to Set Aside Order Dismissing Counts II and III (Dkt. 107) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of December, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties