# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WILLIAM KIRKLAND and STANLEY
KIRKLAND,

       Plaintiffs,

v.                                      Case No: 8:14-cv-1715-T-24TGW

MOSAIC FERTILIZER, LLC, ARNOLD
LANIER, ANDREW MCGUCKIN, JAMIE
WRIGHT, MICHAEL LAKE and
THOMAS ABBOTT,

       Defendants.

---

## <u>ORDER</u>

This cause comes before the Court on Plaintiff Stanley Kirkland's Rule 60(b)(2) and (6) Motion to Set Aside Order Dismissing Count I (Dkt. 110). The Court, having reviewed the motion, and being otherwise advised, has determined that the motion should be denied.

On December 4, 2015 the Court entered an Order, Dkt. 109, denying Plaintiff Stanley Kirkland's Rule 60(b) Motion to Set Aside Order Dismissing Counts II and III. Plaintiff Stanley Kirkland's ("S. Kirkland") instant motion to set aside the Court's April 29, 2015 Order raises the same arguments regarding "newly discovered evidence" that Defendant McGuckin ordered Defendant Wright to arrest S. Kirkland, clarifying the title of the motion to apply to Count I.[1]

Additionally, S. Kirkland's instant motion to set aside the April 29, 2015 Order argues "[t]he emails recently produced at the Mosaic corporate deposition in September 2015 meets the 5 step

---

[1] S. Kirkland's previous motion was titled Plaintiff Stanley Kirkland's Rule 60(b) Motion to Set Aside Order Dismissing Counts II and III, however the motion challenged the Court's April 29, 2015 dismissal of S. Kirkland's unlawful arrest claim in Count I. *See* Dkt. 109 at 2, n.1 (noting the Court's April 29, 2015 Order "denied Mosaic's motion to dismiss as to Plaintiff William Kirkland's unlawful arrest claim [on] the bases of vicarious liability and joint action between Mosaic and Defendant McGuckin").

requirement of new evidence and of course meets substantial justice under Rule 60(b)(6)." Dkt. 110 at 3.

As discussed in the Court's previous Order denying Plaintiff Stanley Kirkland's Rule 60(b) Motion to Set Aside Order Dismissing Counts II and III (Dkt. 104), S. Kirkland has not shown that he is entitled to relief under 60(b)(2) because he has not shown that evidence that McGuckin allegedly ordered S. Kirkland's arrest was in fact newly discovered since the Court's April 29, 2015 Order. S. Kirkland has also failed to show that he exercised due diligence in discovering the evidence. With regard to S. Kirkland's vague reference to emails produced at the Mosaic corporate deposition, which disclose a Mosaic "pro-arrest" policy that lead to the arrests of Plaintiffs, S. Kirkland has not shown that such evidence was newly discovered; that S. Kirkland exercised due diligence to discover the new evidence; or that the evidence is material and would produce a different result. *Waddell v. Hendry County Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003) (citation omitted). Therefore, S. Kirkland is not entitled to relief on these grounds.

To the extent that the instant motion also claims relief pursuant to Rule 60(b)(6), S. Kirkland is not entitled to relief. Rule 60(b)(6) authorizes relief for "any other reason that justifies relief" from a final judgment, order, or proceeding. Fed .R. Civ. P. 60(b)(6). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief," *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006) (internal quotation marks omitted), that is, movants must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result," *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984). S. Kirkland has not made any showing regarding extreme or unexpected hardship to warrant relief under Rule 60(b)(6). Therefore, the instant motion to set aside the Order Dismissing Count I, should be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Stanley Kirkland's Rule 60(b)(2) and (6) Motion to Set Aside Order Dismissing Count I (Dkt. 110) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of December, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties